No. 4558.

STATE ex rel. HENRY SHORTEN *v.* BOARD OF SELECTMEN of the City of Baton Rouge.

Where the Board of Selectmen of a city have the right to be the judges of their own election and of that of their officers, it is not merely a ministerial duty which they have to perform, it involves discretion and a mandamus can not be used to enforce the performance of a discretionary duty.

Where the relator sought by mandamus to compel the Selectmen of the city of Baton Rouge to issue to him a certificate of election and to recognize him as mayor of that city, on the ground that the election commissioners had decided he was elected, and that the Selectmen can not determine that he was not elected, because no one but a judge can decide the question ;

Held—That the Board of Selectmen can, under the eighth section of the city charter, exercise their discretion so far as to determine the relator's right to the certificate, and that the use of this discretion is not the exercise of judicial powers in the sense of the constitution, and therefore not repugnant to the article ninety-four of that instrument.

The action of the Board of Selectmen is not conclusive of the rights of the relator. He can sue for the office, but he can not proceed by mandamus.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *J. C. Stafford,* for relator and appellee. *F. A. Gallaugher,* for respondents and appellants.

WYLY, J. Henry Shorten, claiming that he was elected Mayor of the city of Baton Rouge at the April election of 1872, seeks by mandamus to compel the defendants, the Board of Selectmen of Baton Rouge, to issue to him a certificate of election, to recognize him as

State ex rel. Shorten v. Board of Selectmen of the city of Baton Rouge.

Mayor, and to deliver to him the books, papers and other documents pertaining to said office.

From the judgment making the mandamus peremptory the defendants have appealed.

The important question is, can the defendants be compelled by mandamus to issue the certificate of election to the relator? Is this merely a ministerial duty? We think not. Because by the eighth section of the city charter, "the Board of Selectmen shall be the judge of their own election, and that of all the officers elected under the provisions of this act." The respondents were therefore authorized to consider the returns of the commissioners of the election, and to determine who were elected, before issuing certificates of election to the officers elected under the provisions of the city charter. This involved the exercise of a discretion. A mandamus can not be used to enforce the performance of a discretionary duty. But the relator contends that the eighth section of the charter is repealed by article 94 of the constitution, forbidding the exercise of judicial powers by any other officers except those mentioned under the title of "Judicial Department." If this be true, who is to determine whether the relator was elected Mayor, or so far decide the question as to authorize the issuance of the certificate of election? If the respondents can not determine relator's right to the certificate by reason of the constitutional inhibition, how can the commissioners of election do so? How can the relator get the office, if no officers but a judge can determine from the returns that he was elected? He does not pretend that any judge has determined his right to the certificate. It is difficult to perceive the force of respondent's logic, when he contends that he is entitled to the office of mayor because the election commissioners have decided he was elected, and the respondents can not determine that he was not elected, because no one but a judge can decide the question.

We apprehend that the Board of Selectmen can, under the eighth section of the city charter, exercise their discretion so far as to determine the relator's right to the certificate; and the employment of this discretion is not the exercise of judicial powers in the sense of the constitution, and therefore not repugnant to article 94. The action of the Board of Selectmen is not conclusive of the rights of the relator. Like every other suitor, he has a legal remedy; he can sue for the office, but he can not by mandamus compel officers vested with discretionary power to employ it in his behalf.

With only the commissioners' returns, and without any evidence of his title to the office, the relator can not, in this proceeding, compel the respondents to recognize him as Mayor, and deliver to him the books, papers and other property appertaining to said office.

It is therefore ordered that the judgment herein be annulled, and that this suit be dismissed at the costs of relator.